**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert Schwartz, et al., | ) | No. CV 06-2168-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Home Depot U.S.A., Inc., et al., | ) | |
| Defendant. | ) | |

The court has before it defendants' "Motion to Compel Signing of Medical Records and Employment Records Release Authorizations" (doc. 36), plaintiffs' response (doc. 37) and defendants' reply (doc. 40). For the reasons stated below, we deny defendants' motion.

Defendants argue that their motion to compel the signing of medical and employment records releases in effect requests production of the records. See Motion to Compel at 2. Several courts have ordered parties to provide medical records releases pursuant to Rule 34(a), Fed. R. Civ. P. in order to compel the production of the records. However, "[t]here is no provision in Rule 34 for requesting documents from a party that are possessed by another person." Ayers v. Cont'l Cas. Co., 2007 U.S. Dist. LEXIS 47963, at *18 (D. W. Va. July 2, 2007). Instead, defendants may serve non-parties with subpoenas to compel the production of records non-parties hold. See Fed. R. Civ. P. 45; Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 540 (D. Kan. 2006). If non-parties fail to produce the requested

documents, defendants may then seek an order compelling production. Defendants' present motion attempts to bypass the discovery procedure established by the federal rules, and it is therefore denied.

We reject defendants' contention that compelling plaintiffs to sign releases is the only way defendants may access the records at issue. Defendants allege that the Health Insurance Portability and Accountability Act (HIPAA) prohibits medical providers from releasing their patients' records without the patients' authorization. See Reply at 2. Yet HIPAA expressly permits disclosure in response to a subpoena issued in the context of judicial proceedings so long as the party seeking the information adheres to specific procedural safeguards. See 45 CFR § 164.512 (listing the "[u]ses and disclosures for which an authorization or opportunity to agree or object is not required"). Defendants also argue that although they may "attempt to subpoena the documents from the employers under Rule 45," it is nevertheless "highly unlikely that the employers would provide the documents because of privacy laws and other concerns." Reply at 2. However, defendants cite no authority in support of this contention.

**THEREFORE, IT IS ORDERED DENYING** defendants' "Motion to Compel Signing of Medical Records and Employment Records Release Authorizations" (doc. 36).

DATED this 6th day of July, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -